ORIGINAL

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| **WEI TENG,** )<br>**Plaintiff** )<br>**v.** )<br>**PAUL NOVAK, DIRECTOR** )<br>**U.S. Department of Homeland Security** )<br>**U.S. Citizenship and Immigration** )<br>**Service, Vermont Service Center,** )<br>**in his official capacity,** )<br>**as well as his successors and assigns,** )<br>**and** )<br>**EMILIO GONZÁLEZ,** )<br>**Director of U.S. Citizenship &** )<br>**Immigration Services, in his** )<br>**official capacity, as well as his** )<br>**successors and assigns** )<br>**Defendants.** ) | **CASE NO. 07-28** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

_s/Kevin H. Grubb_
Kevin H. Grubb, Esq.
Attorney I.D. No. 4409
The Buccini/Pollin Group
322 A Street, Suite 300
Wilmington, DE 19801
(302) 225-2734

_s/Lawrence H. Rudnick_
Lawrence H. Rudnick, Esq.
Attorney I.D. No. 21642
Steel, Rudnick and Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA 19103
(215) 546-4333

Dated: April 26, 2007          Attorneys for Plaintiff, Wei Teng

## TABLE OF CONTENTS

**PAGE**

MOTION FOR SUMMARY JUDGEMENT

I.     INTRODUCTION AND CONCISE STATEMENT OF
       THE FACTS                                                    1

II.    STATEMENT OF THE NATURE AND STAGE OF THE
       PROCEEDING                                                   2

III.   JURISDICTION OF THE COURT                                    3

       A.     Section 1252(a)(2)(B)(i) Does Not Strip The Court
              Of Jurisdiction                                       3

       B.     Section 1252(g) Does Not Preclude Jurisdiction        9

IV.    MANDAMUS AND ADMINISTRATIVE PROCEDURE
       ACT                                                          12

V.     RELIEF                                                       16

## TABLE OF CITATIONS

| | PAGE |
|---|---|
| Administrative Procedure Act,5 U.S.C. §706(1) | 1 |
| §245(a) of the Immigration and Nationality Act, 8 U.S.C. §1255(a) | 2 |
| 5 U.S.C. §701(a)(2) | 14 |
| 5 U.S.C. §706(1) | 7, 14 |
| 5 U.S.C. §702(2) | 7 |
| 5 U.S.C. §706(1) | 13 |
| 8 U.S.C. §1153(b)(4) | 4 |
| 8 U.S.C. §1186a(c)(4) | 4 |
| 8 U.S.C. §1231(b)(3)(B) | 5 |
| 28 U.S.C. §1331 and §1361 | 1 |
| 8 C.F.R. §245.1 *et seq* | *3* |
| 8 C.F.R. §245.2. | 3 |
| §242(a)(2)(B)(i) | 9 |
| §245(a)(2)(B) | 7 |
| §1245(b)(A)(2)(b)(i) | 12 |
| §1252(a)(2)(B)(i) | 3 |
| §1252(a)(2)(B)(ii) | 4 |
| Section 1252(g) | 9, 10, 11, 12 |
| §212(h), §212(i), §240A, §240B, or §245 | 3 |

Cases

*Aboushaban v. Mueller,* 2007 W.L. 582550 (M.D. Cal. Feb. 23, 2007)          8

*Affaneh v. Hansen,* 2007 WL 295474 (S.D.Ohio Jan 29, 2007)          16

*Alaka v. Attorney General of the U.S.*, 456 F.3d 88 (2006)          5

*Aslam v. Gonzales,* 2006 WL 3749905 (W.D.Wash. Dec 19, 2006)          16

*Castillo v. Ridge,* 445 F.3d 1057 (8th Cir. 2006)          12

*Castracani v. Chertoff,* 377 F.Supp.2d 71 (D.D.C. 2005)          16

*Daami v. Gonzalez,* 2006 W.L. 1457862 (D. N.J. May 22, 2006)          15

*Dobne v. Thornburgh,* 735 F.Supp. 195 (E.D. Pa. 1990)          8

*Duan v. Zanberry,* No. 06-1351, 2007 U.S. Dist. LEXIS 12697
at 11 WDPA Feb. 23, 2007 (collecting cases)          7, 8

*El-Daour v. Chertoff,* 417 F.Supp.2d 678 (W.D. Pa. 2005)          15

*Elmalky v. Upchurch,* 2007 W.L. 944330 (N.D. Tex. 2007)          8

*Essa v. U.S. Citizenship and Immigration Services,* 2005 WL
3440827 (D.Minn. Dec 14, 2005)          16

*Gelfer v. Chertoff,* 2007 W.L. 902238 (N.D. Cal. Mar. 22, 2007)          8

*Gomez-Chavez v. Perryman,* 308 F.3d 796 (7th Cir. 2002)          11, 12

*Haidari v. Frazier,* 2006 W.L. 3544922 (D. Minn. 2006)          8

*Hussein v. Gonzales,* 2007 WL 328691, 2 (M.D.Fla. Jan 31, 2007)          16

*Kailash v. Chertoff,* No. 05-5494 (E.D. Pa. Apr. 10, 2006)          12

*Khan v. Attorney General of the U.S.*, 448 F.3d 226 (3rd Cir. 2006)          5

*Jilin Pharmaceutical USA, Inc. v. Chertoff,* 447 F.3d 196 (3rd Cir. 2006)          5

*Jiyun Xu v. Chertoff,* Civ. Act. No. 07-420 (E.D. Pa.)          8

*Khelifa v. Chertoff,* 433 F.Supp.2d 836, 840 (E.D.Mich. Jun 09, 2006)          16

*McCarthy v. Madigan*, 503 U.S. 140, 147 (1992)                                          6

*Meyersiek v. U.S. Citizenship and Immigration Services,*
2006 WL 1582397, (D.R.I.)                                                                15

*Negam v. U.S.*, --- F.Supp.2d ----, 2007 WL 891257, 3-4 (N.D.Tex.)                       16

*Norton v. So. Utah Wilderness Alliances* (542 U.S. 55) (2004)                           5, 6, 12, 13

*Pinho v. Gonzales*, 432 F.3d 193 (3rd Cir. 2005)                                    5, 6, 13, 16

*Reno v. American-Arab Anti-Discrimination Commission,*
525 U.S. 471, 482 (1999)                                                                 10, 11

*Safadi v. Howard*, 466 F.Supp.2d 696 (E.D. Va. 2006)                                    9

*Serrano v. Quarantillo*, No. 06-2007 W.L. 1101434
(Dist. NJ Apr. 9, 2007)                                                                  9, 10

*Shalabi v. Gonzales*, 2006 WL 3032413 (E.D.Mo. Oct 23, 2006)                            16

*Singh v. Still*, 470 F.Supp.2d 1064                                                     8

*Soltane v. U.S. Department of Justice*, 381 F.3d 143, 146-148
(3rd Cir. 2004)                                                                     5

*Song v. Klapakis*, Civ. Act. No. 6-05589 (Apr. 12, 2007)                                6, 8, 16

*Urena-Tabarez v. Ashcroft*, 367 F.3d 154, 159-161 (3rd Cir. 2004)                  4

*Ventura v. INS*, 537 U.S. 12 (2002)                                                     16

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Defense
Counsel, Inc.*, 435 U.S. 519, 546 (1978)                                                 14

*Webster v. Doe*, 486 U.S. 592 (1988)                                                    6

*Yu v. Brown*, 36 F.Supp.2d 922 (D. New Mexico 1999)                                     8

appropriate. *Reno* at 487. Of course, *Reno* involved a challenge to the Attorney General's decision to commence proceedings and clearly fell under §1252(g). Further, the concern addressed by §1252(g) is delay. *Reno* at 490. That is, that the alien will delay deportation proceedings through an attempt to enjoin deportation proceedings. This concern, of course, has no application to this matter.

It is clear that the *Reno* decision does not supply the basis for a jurisdictional preclusion as argued by the government at pp. 5-6.

Moreover, even if the section applied to administrative proceedings, the Plaintiff is not challenging a decision or action by the Attorney General. What the plaintiff is challenging is the lack of a decision or action. Arguably, the phrase "adjudicate cases" would apply. However, reading the statute as a whole as opposed to taking that phrase out of context, it is clear that the adjudication of cases that is referred to is in deportation proceedings as explained above. Further, assuming the statute's applicability to administrative proceedings, once again, jurisdiction is not withdrawn with regard to a lack of decision or lack of action in adjudicating cases.

The government relies primarily on *Gomez-Chavez v. Perryman*, 308 F.3d 796 (7th Cir. 2002). The government's Memorandum at p. 5. *Gomez-Chavez* involved removal proceedings. *Gomez-Chavez* was the subject of a reinstatement of a removal order. Clearly, the action taken was a decision to execute a removal order. The Court found that the Plaintiff's claim of inaction was simply re-characterization of a claim challenging the refusal to act. *See, Gomez-Chavez* at 800. What *Gomez-Chavez* was challenging was the substantive law that prevented him from applying for a waiver.

Plaintiff, of course, is not in removal proceedings and is not seeking to re-characterize a substantive argument in terms of failure to act. *Gomez-Chavez* is wholly inapplicable.

The government also places reliance on *Castillo v. Ridge*, 445 F.3d 1057 (8th Cir. 2006). Castillo's problem was that he was not eligible for adjustment of status until he received a waiver. Since the INS was not under a non-discretionary duty to grant it, Castillo could not establish a clear and undisputable right to a favorable adjudication of the application. The Plaintiff is under no such limitation. There is no argument that she is not fully qualified for adjustment of status but for the routine security clearance.

Finally, the government relies on *Kailash v. Chertoff*, No. 05-5494 (E.D. Pa. Apr. 10, 2006). In that matter, Judge Buckwalter found the petitioner was not challenging his order of removal but instead, his detention. Also, on April 20, 2006, the Court stayed its ruling in this matter pending appeal.

Accordingly, it is clear that the jurisdictional bars of §1245(b)(A)(2)(b)(i) and 1252(g) do not apply to this matter.

## IV.    MANDAMUS AND ADMINISTRATIVE PROCEDURE ACT

### Summary of Argument

1.    This action is not precluded by *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55 (2004) in that the plaintiff is complaining of a narrow discrete failure to act.

2.    The Administrative Procedure Act provides a remedy for administrative action unlawfully withheld and reasonably delayed and the mandamus act provides for relief for actions extraordinarily delayed.

3.    The weight of District Court authority is in favor of granting APA and mandamus relief.

**Argument**

First the government argues that this matter is precluded by *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55 (2004). *Norton* must be understood in light of this circuit's decisions in particular, the decision in *Pinho, supra* which followed *Norton* and clearly rejected the very broad interpretations suggested by the government. *Pinho* concerned a jurisdictional issue as to whether the Administrative Appeals Office action was a final order which was reviewable, *Pinho* found that it was and clearly rejected the broad interpretation of *Norton* advocated by the government.

First, *Norton* was a very broad attack on the overall administration of agency programs. Under the guise of 5 U.S.C. §706(1) claim for administrative action unreasonably withheld, the plaintiffs were really challenging the substantive action taken. That is, the plaintiffs' complaint was not that the agency had not acted but it was with the agency's interpretation and application of the law.

There was a general claim of deficiency and compliance rather than a specific claim. As the Court noted, the plaintiffs simply sought to review the U.S. Bureau of Land Management Stewardship of Public Lands under the guise of the Administrative Procedure Act, prohibition on unreasonably withholding administrative action. For instance, the plaintiffs complained the BLM failed to protect public lands from damage caused by off road vehicles. All three claims involved assertions that the BLM failed to control off road vehicles on public land. Each decision by the BLM was not a discrete action, but instead a policy determination. The Court found that mandamus is limited to a precise definite act for which there is no discretion. Mandamus lies to compel an agency to perform a ministerial or a non-discretionary act or to take action upon a matter

without directing how it shall act. That is precisely Ms. Teng's claim. The plaintiffs' complaint is about a very discrete action that the agency is required to take, to wit, the adjudication of the application for adjustment of status.

The government again renews its argument that mandamus and the Administrative Procedure Act remedy cannot lie where the agency is under no obligation to take the action. This misapprehends the discretion involved in the §245 process.

While the government may be under no obligation to approve Ms. Teng's application, it most certainly does have an obligation to adjudicate it.

Even more inapplicable is the decision in *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Defense Counsel, Inc.*, 435 U.S. 519, 546 (1978) cited by the government. That decision had to do with whether Courts could mandate additional procedural protections not required by the agency.

The government also argues that the action of the agency is committed to agency discretion under 5 U.S.C. §701(a)(2) as there is "no law to apply". This is simply incorrect. No statute commits to the agency discretion as to whether to ever adjudicate an application.

Moreover, the interpretation suggested by the government would read out of existence part of the Administrative Procedure Act, 5 U.S.C. §706(1), which precludes agency action unlawfully withheld or unreasonably delayed. The government attributes no meaning to the prohibition on "unreasonable delay." Clearly, Congress intended the Courts can make a determination that delays in agency can be reviewed for reasonableness.

The Court has at least two significant benchmarks to judge the reasonableness of the agency action. Primarily, there is the stated processing report of the agency itself. Attached as Exhibit A is the most recent processing report of the Vermont Service Center. That processing report indicates that employment-based adjustment of status applications (filed on Form I-485) which were filed before April 15, 2006 are currently being adjudicated. The application at issue in this matter was filed in November, 2004. Plainly, in relation to the normal processing time, the agency action is unreasonable. A delay of two and a half years to process a routine application that does not contain any significant legal or factual issues is not reasonable.

Secondly, the application of Wei Teng's spouse was approved on June 14, 2006 (attached as Exhibit B). Nearly a year has gone by without any further action taken by the defendants.

Finally and surprisingly, the government turns to a line of cases involving naturalization. The plaintiff must frankly acknowledge that the naturalization cases often involve a specified timeframe, to wit, 120 days after the naturalization interview. Because of the specific timeline, the government is forced to make contorted arguments that an examination means something other than a specific interview date.

In any event, the overwhelming authority in the naturalization cases rejects the government's arguments. Within the Third Circuit, the government's argument has been rejected in *Daami v. Gonzalez,* 2006 W.L. 1457862 (D. N.J. May 22, 2006) and *El-Daour v. Chertoff,* 417 F.Supp.2d 678 (W.D. Pa. 2005).

Additional cases rejecting the government's naturalization position are as follows: Meyersiek v. U.S. Citizenship and Immigration Services, 2006 WL 1582397, (D.R.I.);

Negam v. U.S., --- F.Supp.2d ----, 2007 WL 891257, 3-4 (N.D.Tex.); Hussein v. Gonzales, 2007 WL 328691, 2 (M.D.Fla. Jan 31, 2007); Affaneh v. Hansen, 2007 WL 295474 (S.D.Ohio Jan 29, 2007); Aslam v. Gonzales, 2006 WL 3749905 (W.D.Wash. Dec 19, 2006); Shalabi v. Gonzales, 2006 WL 3032413 (E.D.Mo. Oct 23, 2006); Khelifa v. Chertoff, 433 F.Supp.2d 836, 840 (E.D.Mich. Jun 09, 2006); Essa v. U.S. Citizenship and Immigration Services, 2005 WL 3440827 (D.Minn. Dec 14, 2005; Castracani v. Chertoff, 377 F.Supp.2d 71 (D.D.C. 2005).

Both the Administrative Procedure Act and the mandamus statute provide for causes of action to compel agency action unreasonably withheld. The contrary conclusion argued by the government is that it is entirely in the discretion of the agency when, if ever, to adjudicate the application for adjustment of status. The government suggests no limitation to the unbridled principle of agency discretion not to take action. Again, it is highly unlikely that Congress intended such a result. To attribute such an intent would be violative of the principles of the Administrative Procedure Act and separation of powers. *See, Pinho, supra* at 202.

Accordingly, the government's Motion to Dismiss should be denied and the Plaintiff's Motion for Summary Judgment should be granted.

## V.    RELIEF

Plaintiff respectfully suggest that the remedy provided by Judge Stengel in *Song v. Klapakis, supra*, should be adopted which is to direct the agency to complete the adjudication of the application within 30 days. This result is consistent with the limits of the Administrative Procedure Act and mandamus review as well as in compliance with the ordinary remand rule as articulated in *Ventura v. INS*, 537 U.S. 12 (2002).

Accordingly, the Plaintiff asks the Court to enter an Order directing the adjudication of

Wei Teng's application for adjustment of status within 30 days.

*s/Kevin H. Grubb*
Kevin H. Grubb, Esq.
Attorney I.D. No. 4409
The Buccini/Pollin Group
322 A Street, Suite 300
Wilmington, DE  19801
(302) 225-2734


*s/Lawrence H. Rudnick*
Lawrence H. Rudnick, Esq.
Attorney I.D. No. 21642
Steel, Rudnick and Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA  19103
(215) 546-4333

Dated:  April 26, 2007              Attorneys for Plaintiff, Wei Teng

# EXHIBIT A

U.S Citizenship and Immigration Services - Case Status Service Online                    Page 1 of 4



Home   Contact Us   Site Map   FAQ

Search                          
Advanced Search

Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resource    Press Room

Print This Page        Back

## U.S. Citizenship and Immigration Services
## Vermont Service Center Service Center Processing Dates
## Posted March 15, 2007

**Notice**: U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications. In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received. However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time. It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments. Effective immediately, when we are completing applications and petitions within our service level goals we will report that as the processing time. For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show a date consistent with our service level goal because that reflects our commitment.

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed. It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting. Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

**There are several important exceptions to the processing times shown below:**

- Case processing will be delayed if we must ask you for more evidence or information.
  If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

**What if I have a problem or have questions about a case?**

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

A-1

U.S Citizenship and Immigration Services - Case Status Service Online                     Page 2 of 4

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Vermont Service Center** Posted March 15, 2007

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|------|-------|-----------------------------------|--------------------------------------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | July 03, 2006 |
| I-90A | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | August 03, 2005 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | November 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | February 28, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | February 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | January 13, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | January 13, 2007 |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | September 13, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | March 12, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | February 26, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or | March 12, 2006 |

A-2

| | | daughter over 21 | |
|---|---|---|---|
| I-130 | Petition for Alien Relative | U.S. citizen filing for a brother or sister | October 07, 2000 |
| I-130 | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | October 22, 2005 |
| I-130 | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | March 12, 2006 |
| I-131 | Application for Travel Document | All other applicants for advance parole | December 13, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | April 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | April 01, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | November 27, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | Violence Against Women Act (VAWA) | June 06, 2006 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | April 29, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | April 15, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | December 13, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | December 13, 2006 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | July 01, 2006 |

A-3

U.S Citizenship and Immigration Services - Case Status Service Online                 Page 4 of 4

| | | | |
|---|---|---|---|
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | September 01, 2006 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | December 27, 2006 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | February 14, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | December 27, 2006 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | December 27, 2006 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | December 27, 2006 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | December 27, 2006 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | December 29, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador initial or late filing | July 01, 2006 |
| I-821 | Application for Temporary Protected Status | El Salvador extension | July 01, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua initial or late filing | July 01, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua extension | July 01, 2006 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | August 30, 2006 |
| N-600 | Application for Certification of Citizenship | Application for recognition of U.S. citizenship | December 13, 2006 |
| N-643 | Application for Certification of Citizenship on Behalf of an Adopted Child | Application for recognition of U.S. citizenship on behalf of an adopted child | September 13, 2006 |

[ Print This Page ]   [ Back ]

A-4

# EXHIBIT B

Department of Homeland Security
U.S. Citizenship and Immigration Serv

**I-797, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I485   APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| EAC-05-021-50166 | | |
| RECEIPT DATE | PRIORITY DATE | APPLICANT   A98 641 551 |
| October 29, 2004 | September 2, 2004 | ZHAO, HUI |
| NOTICE DATE | PAGE | |
| June 14, 2006 | 1 of 1 | |

LAWRENCE H. RUDNICK ESQUIRE
STEEL RUDNICK & RUBEN
1608 WALNUT STREET SUITE 1500
PHILADELPHIA PA 19103

Notice Type:  Approval Notice
Section: Adjustment as direct
         beneficiary of immigrant
         petition
COA: E18

The above application has been approved. Prior to receiving your permanent resident card you may be required to report for biometrics processing (photo/fingerprint/signature). Please do not take any action at this time. If you are required to report for this processing, you will receive another notice advising you of the date, time and location to appear.

If you have not received your permanent resident card or the above mentioned notice to appear for biometrics processing within 90 days, please call this office at the number listed below.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



B-1

Form I-797 (Rev. 01/31/05) N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COUR OF DELAWARE

| | | |
|---|---|---|
| WEI TENG, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| PAUL NOVAK, DIRECTOR | ) | CASE NO. 07-28-*** |
| U.S. Department of Homeland Security | ) | |
| U.S. Citizenship and Immigration | ) | |
| Service, Vermont Service Center, | ) | Judge Mary Pat Thynge |
| In his official capacity, | ) | |
| As well as his successors and assigns, | ) | |
| and | ) | |
| EMILIO GONZÁLEZ, | ) | |
| Director of U.S. Citizenship & | ) | |
| Immigration Services, in his | ) | |
| official capacity, as well as his | ) | |
| successors and assigns | ) | |
| Defendants | ) | |

## REQUEST TO UNITED STATES MAGISTRATE JUDGE TO CANCEL OR CONTINUE STATUS/SCHEDULING TELECONFERENCE

We respectfully submit that this matter is exempt under Delaware Local Rule 16.3(b) from scheduling conference and order requirements as set forth in the Local Rule. This is an action for judicial review of administrative decision or lack of decision from a federal agency where review is conducted on the basis of the administrative record. Hence, we request that the status/scheduling teleconference scheduled for April 27, 2007 at 1:30 p.m. be cancelled or continued.

The status of this matter is that the government has moved to dismiss and the Plaintiff is filing an opposition and Motion for Summary Judgment.

It is further represented that the undersigned counsel has consulted with the Assistant U.S. Attorney, Seth M. Beausang, who is in agreement that the status/scheduling teleconference is exempted under the Local Rules.

B - 2

_s/Kevin Grubb_
Kevin Grubb, Esq.
Attorney I.D. No. 4409
4 East 8th Street, #302
Wilmington, DE  19801
(302) 345-9383

_s/Lawrence H. Rudnick_
Lawrence H. Rudnick, Esq.
Attorney I.D. No. 21642
Steel, Rudnick and Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA  19103
(215) 546-4333

Dated:  April 25, 2007          Attorneys for Plaintiff, Wei Teng

β - 3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of April, 2007, I caused to be served

the foregoing REQUEST TO UNITED STATES MAGISTRATE JUDGE TO CANCEL

OR CONTINUE STATUS/SCHEDULING TELECONFERENCE electronically using

the ECF system and it is available for viewing and downloading from the ECF system.

Assistant United States Attorney Seth M. Beausang who represents Defendants in this

matter is a filing user under the ECF system. Upon the electronic filing, the ECF system

automatically generates and delivers a Notice of Electronic Filing to all filing users

associated with this case, including Assistant U.S. Attorney Beausang. As such,

Electronic Service on the Court of the Notice of Electronic Filing constitutes service of

the filed document and no additional service upon the filing user is required.

Seth M. Beausang
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277

I declare under penalty of perjury that the foregoing is true and correct. Executed

this 25th day of April, 2007.

*s/Kevin Grubb*
Kevin Grubb, Esq.
Attorney I.D. No. 4409
4 East 8th Street, #302
Wilmington, DE 19801
(302) 345-9383

B-4

_s/Lawrence H. Rudnick_
Lawrence H. Rudnick, Esq.
Attorney I.D. No. 21642
Steel, Rudnick and Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA  19103
(215) 546-4333

Dated:  April 25, 2007                    Attorneys for Plaintiff, Wei Teng

B-5